UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

APRIL CROSSLAND,                          )
                                          )
        Plaintiff,                        )
                                          )        Case No. 4:20-cv-00612
v.                                        )
                                          )
BIO LIFE EMPLOYMENT SERVICES,             )
d/b/a SHIRE BIO LIFE,                     )
                                          )
        Defendant.                        )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to dismiss for failure to

state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 6.  For the

reasons set forth below, the motion will be denied.

## BACKGROUND

This is a personal injury case invoking the Court's diversity jurisdiction.

28 U.S.C. § 1332.  Plaintiff April Crossland is a citizen of Missouri.  Defendant Bio Life

Plasma Services L.P.[1] is a limited partnership owned by Baxalta US Inc. and BioLife

Plasma L.L.C., both of which are citizens of Delaware and Illinois.  Plaintiff seeks over

$75,000 in damages.

The facts alleged in Plaintiff's petition are as follows.  On December 22, 2018,

Plaintiff entered Defendant's premises as a customer.  During her visit, Plaintiff sought to

---

[1]     Plaintiff's original petition in state court incorrectly named the Defendant as Bio
Life Employment Services, L.L.C. d/b/a Shire Bio Life.

use the restroom on the premises.  When she opened a bathroom stall door, the door

detached from its hinges and struck Plaintiff.  As a result, Plaintiff suffered injuries to her

back and right shoulder.  Plaintiff alleges that Defendant "knew or by using ordinary care

could have known" of the condition of the stall door.  Plaintiff further alleges that

"Defendant failed to use ordinary care to remove the condition, barricade the area, warn

of the condition, or otherwise remedy the condition."  At the filing of her petition in state

court, Plaintiff had incurred approximately $11,000 in actual medical expenses.

Additionally, Plaintiff alleges that her injuries are permanent and progressive, will

continue to cause pain and discomfort, and greatly interfere with Plaintiff's ability to

enjoy life.

In September 2019, Plaintiff sent Defendant a demand letter seeking a settlement

of $100,000.[2]  ECF No. 1-7.  When that proved unsuccessful, on March 24, 2020,

Plaintiff filed her petition in state court.  On May 5, 2020, Defendant removed the case to

this Court.[3]  On May 12, 2020, Defendant filed the present motion to dismiss asserting

---

[2]      A settlement demand letter seeking an amount in excess of $75,000 may be considered evidence of the jurisdictional minimum.  *Finnell v. Transamerica Life Ins. Co.*, 17-0734-CV-W-SRB, 2017 WL 9805014, at \*2 (W.D. Mo. Nov. 14, 2017).

[3]      Though Defendant removed this case 41 days after Plaintiff filed her petition and thus beyond the 30-day period prescribed by 28 U.S.C. § 1441, Plaintiff did not challenge removal based on timeliness but instead responded to the merits of Defendant's motion to dismiss.  It is well established that the procedural requirements for removal are not jurisdictional and can be waived by party's litigation of the case after removal.  *Fin. Timing Publications, Inc. v. Compugraphic Corp.*, 893 F.2d 936, 940 (8th Cir. 1990).  Accordingly, the Court assumes that Plaintiff elected not to challenge removal based on timeliness.

Conversely, Defendant invites the Court to strike Plaintiff's response because it was filed 28 days after the motion rather than 14 days, as required by Local Rule 4.01(B).

that Plaintiff's petition is insufficient to state a claim in that (1) Plaintiff's allegation that

Defendant knew or should have known of the dangerous condition is merely conclusory

and (2) Plaintiff wholly failed to plead that the condition was not known or reasonably

discoverable to her.

In her response filed June 10, 2020 (ECF No. 8), Plaintiff argues that her petition

sufficiently pleads facts constituting the elements of a premises liability claim under

Missouri law and that further facts regarding the parties' respective knowledge of the

dangerous condition can be ascertained only through discovery.  In reply (ECF No. 9).

Defendant reiterates its position that Plaintiff's pleadings are (1) conclusory on the

element of Defendant's knowledge of the condition and (2) wholly lacking as to whether

the condition was reasonably discoverable to Plaintiff.

## DISCUSSION

**12(b)(6) Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must

contain "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court must

accept the complaint's factual allegations as true and construe them in the plaintiff's

---

However, as Defendant recognizes from its reliance on *Cannon v. SSM Health Care*,
4:14CV848 CDP, 2014 WL 3600405 (E.D. Mo. July 22, 2014), the Court has discretion
to overlook untimeliness that is inadvertent and not willful.  The Court has no reason to
suspect anything other than a mistake here, and, even absent Plaintiff's brief, the Court
would reach the same result.  The Court cautions Plaintiff, however, to be mindful of this
Court's deadlines and requirements, including the requirement that any request for
additional time must be filed with the Court prior to the expiration of the deadline.

favor, but it is not required to accept the legal conclusions the complaint draws from the facts alleged. *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679. The court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). Dismissal under Rule 12(b)(6) "serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

**Analysis**

Missouri law states the elements of premises liability as follows:

> When the plaintiff is an invitee, a possessor of land is subject to liability for injuries caused by a condition on the land only if the possessor (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger. […] [W]hen the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it and realize the danger, a possessor of land does *not* breach the standard of care owed to invitees unless the possessor should anticipate the harm despite such knowledge or obviousness.

*Harris v. Niehaus*, 857 S.W.2d 222, 225-26 (Mo. 1993) (quoting and adopting as an accurate statement of Missouri law the Restatement (Second) of Torts § 343 (Am. Law Inst., 1965)). In *Harris*, the plaintiff parked her car on a steep slope and it rolled into a lake. *Id.* at 224-25. Though Harris insisted that there should have been warning signage

4

and protective barriers, the court found the slope so open and obvious as to relieve the defendant of liability. *Id.* at 226-27.

The Eighth Circuit has recognized the standard set forth in *Harris* as governing law in Missouri. In *Pippin v. Hill-Rom Co.*, 615 F.3d 886, 890-91 (8th Cir. 2010), the plaintiff was directed to park on an incline before loading hospital beds onto his moving truck and was injured trying to stop a rolling bed. *Id.* at 888-89. Though Pippin insisted that the defendant had a duty to help load or warn of the dangers posed by the incline, the court concluded that the slope was open and obvious as a matter of law such that summary judgment in favor of the defendant was proper. *Id.* at 890-91.

Applying the elements articulated in *Harris* to Plaintiff's petition, Defendant first asserts that the petition is insufficient because Plaintiff's allegation that Defendant knew or should have known of the dangerous condition of the door hinge is merely conclusory and devoid of any specific facts actually implicating Defendant's knowledge. The Court does not accept Defendant's premise that Plaintiff should possess any particulars on such a circumstantial element of the claim at this stage in the case. Plaintiff's negligence claim is not subject to Rule 9 pleading standards. Specific facts regarding Defendant's subjective or imputable knowledge of the condition is a proper topic for discovery.

Second, Defendant asserts that Plaintiff's petition is insufficient because she did not expressly plead that the condition was not known or reasonably discoverable to her. Defendant relies on *Harris* and *Pippin* for the proposition that a plaintiff must establish that the condition is not open and obvious. But *Harris* and *Pippin* were decided on a full record. Defendant fails to supply any authority instructing that the hidden nature of a

danger must be affirmatively pleaded.  Indeed, *Harris* and *Pippin* suggest the contrary

insofar as those cases proceeded past the pleading stage notwithstanding the obviousness

of gravity.  It cannot be said that a loose door hinge should be as readily apparent as a

parking incline.  The Court does not find Plaintiff's petition insufficient for omitting a

specific pleading that the danger was not obvious.  Accepted as true, the pleadings are

sufficient to invite a reasonable, common sense inference to that effect.

The Court finds Plaintiff's pleadings sufficient to survive dismissal.  Particular

facts regarding the parties' respective knowledge of the condition can be explored in

discovery.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Plaintiff's

complaint is **DENIED**.   ECF No. 6

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE


Dated this 14th day of September 2020.

6