UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| APRIL CROSSLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:20-cv-00612-AGF |
| vs. ) | |
| ) | |
| BIO LIFE EMPLOYMENT SERVICES, ) | |
| L.L.C. D/B/A SHIRE BIO LIFE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to amend her complaint to add two defendants identified during discovery. ECF No. 15. For the reasons set forth below, the motion will be granted.

### BACKGROUND

This is a personal injury case invoking the Court's diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff April Crossland is a citizen of Missouri. Defendant Bio Life Plasma Services L.P.[1] is a limited partnership owned by Baxalta US Inc. and Bio Life Plasma L.L.C., each of which are citizens of both Delaware and Illinois. Plaintiff seeks over $75,000 in damages.

Plaintiff originally filed this lawsuit in state court on March 24, 2020, after she was injured on Defendant's business premises. On May 5, 2020, Defendant removed the

---

[1] Plaintiff's original petition in state court incorrectly named the Defendant as Bio Life Employment Services, L.L.C. d/b/a Shire Bio Life.

1

case to this Court pursuant to 28 U.S.C. § 1441.  Upon receipt of discovery responses from Defendant on November 6, 2020, Plaintiff learned the identity of two additional parties responsible for the property where her injury occurred, namely the then-owner, ET O'Fallon Plasma, LLC, and the maintenance company ISS Facility Services, Inc.  On November 9, 2020, Plaintiff filed the present motion for leave to amend her complaint to name these parties as additional defendants.  Although Plaintiff neglected to specify their citizenship or attach an amended complaint to her motion, Defendant clarified in its response that the two entities are Missouri companies.  ECF No. 16.  As such, Defendant opposes the motion as a dilatory attempt to destroy diversity.

## DISCUSSION

Rule 15(a) governs motions for leave to amend pleadings and generally supports the liberal granting of such motions when "justice so requires."  Fed. R. Civ. P. 15(a).  If, after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may either deny joinder or permit joinder and remand the action to the state court.  28 U.S.C. § 1447(e).

District courts consider a number of factors to balance the defendant's interest in maintaining the federal forum with the competing interests of avoiding parallel lawsuits. *Bailey v. Bayer CropScience L.P.,* 563 F.3d 302, 309 (8th Cir. 2009).  Specifically, courts consider (1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, and (3) whether plaintiff will be significantly injured if the amendment is not allowed.  *Id*.; *Hudson v. Kennedy*, 4:20CV16 RLW, 2020 WL 2323071, at *2 (E.D. Mo. May 11,

2020). The court may also consider any other factors bearing on the equities. *Johnson v. Texas Roadhouse Holdings, LLC*, No. 4:10CV36 CDP, 2010 WL 2978085, at *2 (E.D. Mo. July 23, 2010).

First, as to whether joinder is sought to defeat jurisdiction, courts consider the length of time between removal to federal court and the plaintiff's request to join nondiverse parties. *Myers v. Queen,* No. 4:11CV1273 CEJ, 2013 WL 5671340 at *2 (E.D. Mo. Oct. 17, 2013). A temporal proximity of removal and joinder may suggest an attempt to defeat jurisdiction. *Le Duc v. Bujake,* 777 F. Supp. 10, 12 (E.D. Mo. 1991); *Brooks v. Kelly,* 4:11CV01510 AGF, 2011 WL 6009657 at *3 (E.D. Mo. Dec. 1, 2011). "Where a plaintiff attempts to add a non-diverse defendant after the case is removed, and where the plaintiff 'knew or should have ascertained the identity of the defendant at an earlier time,' this timing 'strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction.'" *Johnson,* 2010 WL 2978085, at *2 (internal citations omitted). Here, Plaintiff did not seek joinder in reaction to removal; she sought leave to name the two additional defendants promptly upon receipt of Defendant's discovery response identifying them. This timing does not suggest that Plaintiff seeks to join these parties merely to defeat jurisdiction.

On the second factor, a plaintiff is not dilatory when a proposed defendant is only identified through discovery. *Myers,* 2013 WL 5671340 at *2 (where plaintiff sought leave to amend shortly after a deposition identifying additional defendants). Plaintiff avers that she was unable to identify the property owner and maintenance company until she received Defendant's discovery responses. Though Defendant argues that Plaintiff

3

could have located these parties through further investigation (e.g., public record search or private title or investigative services), Plaintiff's counsel states that he did attempt to locate the owner, but it had changed since the time of the incident, and Defendant refused to provide the information prior to filing. ECF No. 22, pp. 4-5. The Court is not in a position to evaluate Plaintiff's investigative efforts, and Plaintiff's counsel's representations are considered pursuant to Fed. R. Civ. P. 11(b).

Also on the second factor, courts consider whether the amendment is sought within the deadline set by the scheduling order. *See, e.g., Hudson v. Kennedy*, 4:20CV16 RLW, 2020 WL 2323071 (E.D. Mo. May 11, 2020) (allowing plaintiff to amend before the scheduling order issued); *Johnson,* 2010 WL 2978085 (denying amendment sought four months after removal and two months after scheduling order where plaintiff knew the identity of the proposed defendant at the time of the accident). Here, Plaintiff filed her motion to amend on November 9, 2020, well within the deadline of January 20, 2021. ECF No. 14. Plaintiff has not been dilatory in seeking amendment.

With respect to the third factor, courts generally allow plaintiffs to amend their complaints where it would be impractical, inefficient, and unnecessarily expensive to maintain two separate actions with identical facts and claims, potentially resulting in inconsistent verdicts. *See e.g., Thompson v. Joe-K Used Cars, LLC,* 4:19CV2422 CDP, 2019 WL 7291229 at *3 (E.D. Mo. Dec. 30, 2019). The Court finds it appropriate and in the interests of judicial economy to allow joinder of the additional parties to this case.

With respect to other equities, the Court does note that Plaintiff failed to identify the citizenship of the proposed additional defendants in her motion to amend and

4

neglected to attach her proposed amended complaint with her motion, which in some instances suggests dubious intent. *Bailey*, 563 F.3d at 307 (recognizing court's discretion to deny leave where plaintiff fails to inform court that joinder will destroy diversity); *Butler v. Brewer*, 2:07-cv-04149, 2008 WL 2037423, at *2 (W.D. Mo. May 8, 2008) (same). Although a court may deny a motion as a result of such defects, particularly where it impedes notice to defendants or suggests a lack of transparency, the Court does not suspect such circumstances on the present record, and other factors discussed above weigh firmly in Plaintiff's favor.

Finally, Defendant argues that Plaintiff's attempt to join the owner and maintenance company as defendants is fraudulent because she has no viable claim against them insofar as Defendant contractually assumed all liability regarding the property. Court declines to adjudicate the defendants' relative fault on a motion to amend pleadings. Such matters are the proper subject of further proceedings in state court. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (finding no fraudulent joinder where a cause of action is colorable).

## CONCLUSION

Even if Plaintiff could have located the additional defendants through further investigation, there is nothing in the record to indicate that her failure to do so was calculated to land this negligence case in federal court. Plaintiff filed this action in state court in the first instance and promptly sought joinder of the proposed defendants upon receipt of the necessary discovery. The record suggests that Defendant could have avoided unnecessary removal through early communications between counsel. As it

5

stands, the Court finds it proper to permit Plaintiff to amend her complaint to name as additional defendants ET O'Fallon Plasma LLC and ISS Facility Services, Inc. Given that their joinder will divest the Court of jurisdiction, Plaintiff also will be directed to file a motion to remand pursuant to 28 U.S.C. § 1447(e).

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to amend her complaint is **GRANTED**. ECF. No. 15.

**IT IS FURTHER ORDERED** that Plaintiff shall file her amended complaint, together with a motion to remand, no later than **March 9, 2021**.

                                                     _____
                                                     AUDREY G. FLEISSIG
                                                     UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February 2021.